


**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re:

Douglas R. Baldwin,

Debtor(s).

Case No.: 2:14-bk-13616-NB

CHAPTER 13

**CLASSIFICATION-STUDENT LOAN DEBT: MEMORIALIZATION OF TENTATIVE RULING UNDER 11 U.S.C. § 1322(b)(1)**

[No Hearing Required]

On February 25, 2015, this court issued its tentative ruling (dkt. 35) addressing the above-captioned debtor's proposed chapter 13 plan (dkt. 2, p. 6) which discriminated in favor of the debtor's student loan debt. That tentative ruling, attached hereto as **Exhibit A**, was never made into a final ruling of this court because the debtor opted to amend his chapter 13 plan (dkt. 40) to moot the issue and that amended plan was confirmed at a hearing on August 27, 2015. Nevertheless, so that any parties in a

//

future case involving the same issues will have notice of the thinking of the undersigned Bankruptcy Judge on these issues, this document is being filed to memorialize that tentative ruling and the related proceedings recited above.

###

Date: September 2, 2015

Neil W. Bason
United States Bankruptcy Judge

# EXHIBIT A

FILED & ENTERED

FEB 25 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No.: 2:14-bk-13616-NB |
| Douglas R. Baldwin, | CHAPTER 13 |
| | **TENTATIVE RULING** |
| Debtor(s). | Confirmation Hearing<br>Date: 3/5/15<br>Time: 9:30 a.m.<br>Courtroom: 1545 |

The tentative ruling is to deny confirmation of the chapter 13 plan proposed by the debtor ("Baldwin") for the following reasons. Counsel for Baldwin should be prepared to address at the hearing whether he will pursue the other options described below, and a proposed schedule for doing so.

Under the Bankruptcy Code, a chapter 13 plan may not "discriminate unfairly" against any class of claims. 11 U.S.C. § 1322(b)(1). On the present record, Baldwin has not established that his proposed discrimination in favor of student loan debt (1) has a reasonable basis, (2) is necessary for him to carry out a plan, (3) is proposed in good faith, and (4) is proportional to the basis or rationale for the discrimination. *In re Sperna*,

173 B.R. 654 (9th Cir. BAP 1994) (*following In re Wolff*, 22 B.R. 510, 512 (9th Cir. BAP 1982)) (the "*Sperna/Wolff* test"). It is particularly significant that Baldwin has not shown that he has explored other options.

First, his budget, while far from lavish, might be reduced (such as by maintaining two vehicles instead of three). If so, then presumably he could pay more of his student loan debt without having to pay less to other creditors.

Second, he could seek voluntary debt forgiveness from the holders of the student loan debt, or an income contingent repayment plan, or some other compromise. The record does not show that he has applied for these things.

Third, if despite such efforts he is still unable to pay his student loan debts while maintaining even a "minimal" standard of living, then he might qualify for a partial or full discharge of the student loan debt. He is over 65 years old; it appears that in the past he has made some significant payments on the student loan debt (*see Response*, dkt. 33, Ex. B); and he alleges that, even if he were to devote all of his disposable income to paying his debts pro rata for the next five years, it is likely that he would owe more than on the petition date "due to the capitalized interest." *Response* (dkt. 33 p. 4:1). *See generally In re Saxman*, 325 F.3d 1168, 1173-74 (9th Cir. 2003) (*following Brunner v. N.Y. State Higher Edu. Servs.*, 831 F.2d 395, 396 (2d Cir. 1987)). *See also In re Coleman*, 560 F.3d 1000, 1011 n.26 (9th Cir. 2009) (suggesting in dicta that student loan debt theoretically might be separately classified and paid more than other creditors, but "[w]ithout an undue hardship determination, [the] classification analysis is greatly impeded.").

On the other hand, even if Baldwin has no viable options to pay his student loan debt, that does not necessarily justify discrimination against other creditors. For example, if he incurred the debt knowing that he would be unable to repay it or if he did not attempt in good faith the repay that debt, then perhaps he is not acting in good faith now by proposing to pay his student loan debt at the expense of other creditors.

//

In sum, on the present record Baldwin has not established a sufficient basis to discriminate under the *Sperna/Wolff* test.

It is true that, under an additional clause in section 1322(b)(1), a plan may "treat claims for a consumer debt" differently from similar claims if "an individual is liable on such consumer debt with the debtor," and roughly three-quarters of Baldwin's student loan debt is as a co-signer of his wife's student loans. The courts disagree how to interpret this portion of the statute, but a persuasive decision of the Bankruptcy Appellate Panel for the Ninth Circuit (the "BAP") interprets the quoted text as an example of a type of discrimination that generally is permissible but still must pass the test of not discriminating unfairly. *In re Renteria*, 470 B.R. 838, 846-47 (9th Cir. BAP 2012) (2-1 decision). In dicta the BAP suggested taking into consideration "whether the codebtor undertook the underlying liability for the debtor's benefit or vice-versa," as well as whether the plan satisfies the other requirements for plan confirmation, particularly the good faith requirement under 11 U.S.C. § 1325(a)(3), and whether the claim truly is a codebtor consumer claim. *Id.* at 843 n.6 (citation omitted). Baldwin has not shown that he received any benefit from the student loans to his wife, or that she is incapable of repaying those loans herself, or other facts and circumstances that might bear on whether his proposed discrimination is "unfair." Accordingly, even as to the loans on which he is a codebtor, Baldwin has not established a sufficient basis to discriminate against non-student loan claims.

The foregoing analysis is supported by a case in which the court refused to confirm a plan in which the debtors attempted to favor student loan debts that they had incurred as co-signers of their children's student loans, because the children were the ones who received the benefit of the loans, and because the children "would be ordinarily expected to pay the obligations anyway." *See In re Beauchamp*, 283 B.R. 287, 289 (Bankr. D. Minn. 2002). It is true that spouses are different from children, because in a community property state such as California the spouse's debts generally are also obligations of the debtor, but this cuts both ways. On the one hand, the

debtor's community debt liability might mean that he has a greater need to discharge his wife's student loan debts than if he had been a cosigner on childrens' loans; but on the other hand (a) perhaps if the debtor and the spouse want a discharge of those debts then they should file a joint chapter 13 case, or alternatively (b) perhaps the discharge of the debtor would effectively discharge the spouse as well under 11 U.S.C. § 524 (at least as to after-acquired community property, as long as they stay married). *See generally In re Kimmel*, 367 B.R. 166, 170-74 (Bankr. N.D. Cal. 2007), *aff'd*, 378 B.R. 630 (9th Cir. BAP 2007).

At the confirmation hearing, counsel for the debtor should be prepared to address (1) what budget changes Baldwin and his non-debtor spouse will make, (2) whether they have applied for forgiveness of some or all of their student loan debt and the status of any such applications, (3) whether Baldwin's spouse will seek to become a joint debtor in this bankruptcy case, (4) whether there is any reason why Baldwin (and his spouse if she chooses to become a joint debtor) should not be required expeditiously to prosecute an action to discharge his student loan debts under 11 U.S.C. § 523(a)(8) and Fed. R. Bankr. P. 4007(b), and (5) any other facts and circumstances that may be relevant to the proposed separate classification of the student loan debts.

###

Date: February 25, 2015

Neil W. Bason
United States Bankruptcy Judge